**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CASEY LAMONT WILLIAMS, JR.,**

      **Plaintiff,**

      v.                                **CASE NO.  21-3077-SAC**

**DANIELLA WEITER, et. al,**

      **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Casey Lamont Williams, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that Defendant Weiter, Plaintiff's parole officer, issued a warrant for his arrest.  On August 6, 2019, Defendant Vaughn was conducting surveillance on Plaintiff's friend's mobile home.  Plaintiff opened the back door to throw out some trash when he spotted an unmarked SUV in the yard.  Vaugh then yelled "get on the ground before I blow your fucking brains out" and pointed a rifle at Plaintiff's head.  Plaintiff alleges that he fled and then Vaughn tazed Plaintiff.  Plaintiff claims that when Plaintiff did not give up, Vaughn tazed

him again and continued to yell, beat Plaintiff, and pulled out a bunch of Plaintiff's hair. (Doc. 1, at 7.)

Plaintiff alleges that when Defendant Weiter served Plaintiff his violation papers, Plaintiff asked her what would happen if he made bond.  Plaintiff alleges that she told him that he would still remain in jail for his KDOC hold so it would be pointless.  Plaintiff claims that because of this statement, he sat in jail for eight months before he made bond, after learning that her statement was incorrect.  *Id*. at 8.  Plaintiff claims that Weiter arrested him numerous times after his release without serving any papers.  Plaintiff claims Weiter "had a big part" in Plaintiff not receiving proper medical treatment.

Plaintiff names as Defendants:   Daniella Weiter, Parole Officer; and Tyler Vaughn, KDOC Criminal Apprehension Unit.  Plaintiff's request for relief seeks $3,000,000 for medical bills, loss of function in his arm, and other money damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. Excessive Force

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force."  *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted).  "When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'"  *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

"To state an excessive force claim under the Fourth Amendment, plaintiffs must show *both* that a seizure occurred and that the seizure was unreasonable."  *Id*. (quoting *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020) (emphasis in original) (quotation marks omitted)).  In assessing reasonableness, a court "looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading

up to that moment." *Id*. (quoting *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020)). The inquiry is an objective one, and one that considers the totality of the circumstances. *Id*. (citation omitted). Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (quoting *Graham*, 490 U.S. at 396). "The right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion . . . to effect it." *Edwards v. City of Muskogee, Oklahoma*, 841 F. App'x 79, 83 (10th Cir. 2021) (unpublished) (quoting *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010) (internal quotation marks omitted)). "Reasonableness does not require that officers use alternative or less intrusive means if the conduct is otherwise reasonable." *Arnold v. City of Olathe, Kansas*, Case No. 2:18-cv-02703-HLT, 2021 WL 3129408, at *8 (D. Kan. July 23, 2021) (citation omitted).

The Supreme Court in *Graham* outlined three factors that guide the reasonableness analysis: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Vette*, 989 F.3d at 1169 (quoting *Graham*, 490 U.S. at 396).

In evaluating the third factor, a court considers "whether the plaintiff was fleeing or actively resisting at the 'precise moment' the officer employed the challenged use of force." *Id*. (citation omitted). The Tenth Circuit has also held that "initial resistance does not justify the continuation of force once the resistance ceases." *McCoy v. Meyers*, 887 F.3d 1034, 1051 (10th Cir. 2018) (citations omitted).

Plaintiff acknowledges that he was fleeing when Defendant Vaughn tazed him. Plaintiff states that Vaughn also beat him and pulled out his hair. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Court will grant Plaintiff an opportunity to amend his Complaint to add additional facts to support his excessive force claim.

### 2. False Statement

Plaintiff alleges that Defendant Weiter misled him regarding whether or not he would be able to post bond. Plaintiff has not alleged a constitutional violation, and his allegations suggest, at most, negligence. Plaintiff also suggests that Defendant Weiter is responsible for Plaintiff being denied proper medical care. Plaintiff fails to supply any facts in support of this claim. He does not suggest that he sought medical care while detained at the DCJ. Plaintiff fails to allege sufficient facts to state a claim against Defendant Weiter. Plaintiff should show good cause why his claims against Defendant Weiter should not be dismissed.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (21-3077-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 20, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 20, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 21, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
